# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **REGINALD DAVID LUNDY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 09-cv-985-JPG** |
| | ) | |
| **LISA J. W. HOLLINGSWORTH,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Petitioner Reginald David Lundy, an inmate in the United States Penitentiary in Marion, Illinois, filed this "emergency petition for great writ of habeas corpus", which was construed as brought pursuant to 28 U.S.C. § 2241. This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[1] After carefully reviewing the petition in the present case, the Court concludes that Lundy is not entitled to relief, and the petition must be dismissed.

Lundy provides no information regarding the nature of his conviction, but the Court gleans that his conviction occurred in New Jersey. Searching the national database of court records, the

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

Court then found those records.  It appears that Lundy was convicted of several counts of fraud, in

violation of 18 U.S.C. §§ 371, 512(a)(2), for which he serving an aggregate sentence of 120 months

imprisonment.  *United States v. Lundy*, Case No. 03:cr-00354-JBS-2 (D. NJ, filed May 6, 2003),

*aff'd,* 271 Fed.Appx. 188 (3rd Cir. 2008).  Lundy later filed an unsuccessful challenge to his

conviction pursuant to 28 U.S.C. § 2255.  *Lundy v. Yost*, Case No. 07-cv-04180-JBS (D. NJ, filed

Aug. 31, 2007).

   In this action, Lundy's argument seems to be that neither the United States nor the State of

New Jersey had authority to prosecute or convict him, as neither truly exists as an independent

government.  He states:

> Indeed, as for the three branches of government there is greater
> likelihood of the existence of Santa Clause *[sic]*, the Tooth Fairy and
> the Man in the Moon, because the entire operation is owned an
> operated by a multi-faceted organization whose principal is the IMF
> and the World Bank.

   Normally a person may challenge his federal conviction only by means of a motion brought

before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy usually supersedes the

writ of habeas corpus.  A Section 2241 petition by a federal prisoner is generally limited to

challenges to the execution of the sentence.  *Valona v. United States,* 138 F.3d 693, 694 (7th Cir.

1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991).  *See also Waletski v. Keohane*, 13 F.3d

1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use

[§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").  Essentially, this action is an

effort to challenge the validity of his conviction and sentence, which is, in substance, a collateral

attack on a conviction that must be pursued under 28 U.S.C. § 2255.  *See United States v. Lloyd*, 398

F.3d 978, 979-80 (7th Cir. 2005).

> Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference.  It is substance that controls.

*Id.* at 980.

In this case, where it is clear that Lundy has already filed one collateral attack on his conviction, the Court is required to construe the instant motion as a second or successive collateral attack, which must be filed in the court of conviction.  *Lloyd*, 398 F.3d at 980.  Because Lundy has not shown that he has been granted leave to file such a successive collateral attack, and this is not his court of conviction, the Court has no choice but to dismiss this action; this Court has no jurisdiction to consider the claims presented.  *See* 28 U.S.C. § 2255, ¶ 8;  *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

In summary, this habeas action does not survive review under Rule 4.  Accordingly, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**Dated: June 15, 2010.**

  s/ J. Phil Gilbert
**U. S. District Judge**